IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JERRY O'DELL,

OPINION AND ORDER

              Plaintiff,

12-cv-948-bbc

    v.

STEVE WATTERS, DEB McCULLOCH,
KAY MORSE, STEPHANIE ARMITAGE
and JANET FAIT,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Jerry O'Dell is an involuntarily committed patient who has filed a proposed complaint under 42 U.S.C. § 1983. Because plaintiff is proceeding under 28 U.S.C. § 1915 without full prepayment of the filing fee, I must screen the complaint to determine whether it states a claim upon which relief may be granted.

In his complaint, plaintiff alleges that, in May 2009, defendant Steve Watters (the director of the Sand Ridge Secure Treatment Center, where plaintiff is housed) and defendant Kay Morse (the services management director of the center) charged him for the cost of a denture mold after he accidentally dropped and broke it during a fitting. (Plaintiff says that they originally charged him $1350, but later reduced the amount to $538.) In addition, defendant Janet Fait (the health services department manager) informed plaintiff that he would not receive any further dental treatment until he paid the debt in full.

1

Defendant Stephanie Armitage from "Business Office/Patient Accounts" and defendant Morse asked plaintiff to sign a form in which he consented to pay 50% of all deposits into his account toward repaying the debt. When plaintiff refused, defendants Armitrage, Watters and Morse prohibited plaintiff from using his account "for any personal use at an institutional level." (It is not clear what plaintiff means by this. The trust fund account statement plaintiff provided as part of his request to proceed in forma pauperis shows various deductions to his account, including some for the facility's canteen.) When defendant Deb McCulloch became the new director she "continued to uphold" Watters's "decisions and rulings in this matter."

There are a number of problems with plaintiff's complaint that prevent me from allowing him to proceed. First, plaintiff has included allegations suggesting that he already has filed a lawsuit about the same events in state court. Although plaintiff does not say explicitly that he did this, he alleges that he "attempt[ed] to recover damages at the circuit court level" and the "judge violated the Plaintiff's constitutional rights from an erroneous order to proceed by completely misrepresenting and distorting the plaintiff's claim." Cpt. ¶ 11, dkt. #1. Before I can allow plaintiff to proceed, he will have to provide additional information about the previous lawsuit. If possible, plaintiff should provide a copy of: (1) the complaint that he filed in the case; and (2) the written opinion of the judge deciding the case. If plaintiff does not have those documents, he will have to file an amended complaint that includes the following facts: (1) the allegations in his previous complaint; (2) the defendants named in that case; (3) the court in which the case was filed; (4) the case

number; and (5) how the judge decided each claim.

A second problem is that it is not clear what plaintiff's claims are. Most of his allegations are about restrictions on his prison account, suggesting that he means to contend that defendants are depriving him of his property without due process or taking his property without just compensation. However, he says that the circuit court misconstrued his complaint as raising a claim under the "takings clause" of the Fifth Amendment and that his claim "falls under the substantial components of the due process clause of the 14th Amendment which requires the State/Government to provide medical/dental care and costs for individuals in their care and custody." Id. at ¶¶ 11-12.

To the extent that plaintiff means to contend that one or more defendants are violating his right to receive medical care, I could not allow him to proceed on such a claim. He does not include any facts showing that he needs medical or dental care at this time or that any of the defendant knows that he needs care, which are both elements of that claim. Sain v. Wood, 512 F.3d 886, 893-94 (7th Cir. 2008) (setting forth medical standard for civilly committed detainees). To the extent plaintiff believes that defendants are prohibited from charging him for medical care, he is wrong. Poole v. Isaacs, 703 F.3d 1024, 1026-27 (7th Cir. 2012).

In his "prayer for relief" plaintiff asks for an injunction requiring defendants to allow him to use the money in his account, again suggesting that he is raising a claim about his property. However, because plaintiff says he does not intend to raise a takings claim and he does not identify any additional process he believes he should have received, I cannot allow

3

him to proceed on these claims either.

## ORDER

IT IS ORDERED that

1.  Plaintiff Jerry O'Dell may have until March 29, 2013, to file the complaint that he filed in his state court lawsuit and the written opinion of the judge deciding the case.  If plaintiff does not have those documents, he must file an amended complaint that includes the following facts:  (1) the allegations in his previous complaint; (2) the defendants named in that case; (3) the court in which the case was filed; (4) the case number; and (5) how the judge decided each claim.  In addition, plaintiff's amended complaint should identify which claims he means to bring and include the facts necessary to support those claims, as described in this order.

2.  If plaintiff does not respond by March 29, 2013, I will dismiss the case.

Entered this 8th day of March, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge